NOT FOR PUBLICATION [Docket No. 70]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FREDERICK SELLERS. | Crim. No. 10-434 (RMB)<br><br>**OPINION** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon a motion for reduction of sentence filed by Frederick Sellers ("Defendant") on February 24, 2016 [Docket No. 70]. Defendant seeks a reduction of his sentence by two levels pursuant to 18 U.S.C. § 3582 and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.").

## I. BACKGROUND

On November 12, 2010, Defendant was convicted after a jury trial of conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. § 846 and contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Jury Verdict [Docket No. 49].

At Defendant's sentencing hearing on April 6, 2011, the Court found that Defendant's Total Offense Level was 32 and that his Criminal History Category was III under the applicable

1

U.S.S.G. at the time. Sentencing Tr. at 32 [Docket No. 72-1]. Accordingly, the Court determined that Defendant's Advisory Guideline range of imprisonment was 151 to 188 months. After hearing statements by Defendant's counsel, Defendant, and the Government, the Court considered the nature of Defendant's crime and his serious criminal history, including a murder conviction and parole violation, and sentenced Defendant to a prison term of 188 months, which was the top of then-applicable Advisory Guideline range. Sentencing Tr. at 45-50. On October 27, 2012, the Third Circuit Court of Appeals affirmed this Court's judgment against the Defendant. See United States v. Sellers, 501 F. App'x 194 (3d Cir. 2012).

On February 24, 2016, Defendant filed the instant motion for a retroactive sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that his sentence should be reduced in light of the two-level drug offense reduction provided by Amendment 782 to the U.S.S.G. Specifically, Defendant requests that this Court reduce his sentence to 121 months imprisonment, which is the bottom of the amended Advisory Guideline range. The Government agrees that Defendant should be granted a sentence reduction, but opposes Defendant's request for his sentence to be reduced to 121 months. The Government, instead, contends that the reduced sentence should be 151 months, which is the upper limit of the amended Advisory Guideline range.

2

Defendant and the Government agree that no hearing is necessary to resolve the instant motion.

**II. STANDARD**

A district court may only modify a valid sentence if such authority is conferred by federal statute. Gregory v. Grondolsky, 2009 WL 2132430, at *3 (D.N.J. July 10, 2009) (citing United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001)). Section 3582(c)(2) sets forth the analysis to be used in reducing an imposed term of imprisonment as a result of the Sentencing Commission's reduction in the advisory guideline range pursuant to 28 U.S.C. § 994(o). Specifically, Section 3582(c)(2) states that a district court may, upon consideration of the factors in 18 U.S.C. § 3553(a), reduce a defendant's sentence in light of a subsequent reduction in the applicable guideline range, if doing so is consistent with the applicable policy statements of the Sentencing Commission. See 18 U.S.C. § 3582(c)(2).

The Supreme Court has held that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission," including Section 1B1.10 of the U.S.S.G., which is a policy statement concerning reductions to a term of imprisonment as a result of an amendment to an advisory guideline range applicable to Section 3582(c)(2). Dillon v. United States, 560 U.S. 817, 821 (2010); U.S.S.G. § 1B1.10.

3

Under U.S.S.G. § 1B1.10, eligibility for a sentence reduction requires that the amendment be applicable to the defendant and serve to lower the defendant's previously calculated guideline range.  Put differently, the defendant must not have previously received a sentence at or below the bottom of the now-amended range (other than due to substantial assistance).  Additionally, U.S.S.G. § 1B1.10 "instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'"  Dillon, 560 U.S. at 821 (quoting U.S.S.G. § 1B1.10).

Amendment 782 to the U.S.S.G., effective November 1, 2014, lowered the offense levels for most drug offenses on the 2D1.1 Drug Quantity Table by two levels, including the offense for which Defendant was convicted.  See U.S. v. Jones, 605 F. App'x 81, 82 (3d Cir. 2015) (per curiam).  Amendment 782 was enacted to reflect the Sentencing Commission's determination that "setting the base offense levels slightly above the mandatory minimum penalties is no longer necessary to achieve its stated purpose," as well as to address "the significant overcapacity and costs of the Federal Bureau of Prisons."  United States Sentencing Commission Guidelines Manual, Supp. App. C at 72, 73.

## III. ANALYSIS

The Court must first determine whether Defendant is eligible for reduction of his sentence pursuant to Amendment 782. As Defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," namely U.S.S.G. Section 2D1.1, Defendant is eligible for a reduction of his sentence pursuant to Amendment 782, which reduced the offense levels assigned to most drug quantities under U.S.S.G. Section 2D1.1(c) by two. The Government does not dispute this. Govt. Br. at 7 [Docket No. 72]. This reduction lowers Defendant's Total Offense Level from 32 to 30. His criminal history category remains III. His amended Advisory Guideline range of imprisonment is now 121 to 151 months.

After concluding that Defendant is eligible for a two-level reduction in his offense level, the Court must now determine whether a reduction in Defendant's sentence is warranted and, if so, the extent of the reduction. See United States v. Styer, 573 F.3d 151, 153 (3d Cir. 2009) ("The determination as to whether a reduction is warranted . . . is committed to the discretion of the district court."). In exercising its discretion, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is

warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827 (citing 18 U.S.C. § 3582(c)(2)). The Commentary to Section 1B1.10, the policy statement implementing Section 3582(c)(2), directs courts to consider the relevant Section 3553(a) factors, public safety considerations, and a defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. 1(B)(i)-(iii). For the following reasons, the Court finds that a reduction in Defendant's sentence from 188 months to 151 months is warranted.

**A. Section 3553(a) Factors**

Section 3553(a) requires courts to consider the following factors in determining the particular sentence to be imposed: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kind of sentences available; (4) the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant;

(5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

The Court carefully considered each of the Section 3553(a) factors in rendering its original sentence. As for the first factor, the Court notes that Defendant was previously convicted for murder and served eight years in prison before being paroled. Once paroled, Defendant became involved in a sophisticated and organized drug trafficking business, which led to the conviction and imprisonment at issue. At his sentencing hearing, the Court characterized Defendant's criminal record as "deplorable." Sentencing Tr. 46:7. Defendant concedes that this is "a static factor." Def. Reply Br. at 1 [Docket No. 73].

Any sentence imposed by this Court must reflect the seriousness of the offense, promote respect for the law, and justly punish the Defendant. Defendant's offense is serious. As the Court observed at Defendant's sentencing hearing, Defendant was involved in a large, sophisticated, and organized drug trafficking business. The Court reiterates its earlier finding that "10 years isn't enough" to justly punish the Defendant, but that a sentence within the applicable Guideline range will be. Sentencing Tr. 49:3-5. A sentence within the

applicable Guideline range will also promote respect for the law and deter future criminal conduct by the Defendant and others. A lesser sentence may be perceived as too lenient.

Public safety is also promoted by a sentence within the applicable Guideline range. The large scale drug dealing in which Defendant was involved is inherently dangerous and injurious to the public safety. The Court once again finds that a sentence within the applicable Guideline range protects the public from further crimes by the Defendant.

The Court has also considered the kind of sentences that are available, which include imprisonment. The Court has, of course, considered the amended Advisory Guideline range of imprisonment established for the category offense committed by this Defendant, which is 121 to 151 months. Additionally, the Court is cognizant of the need to avoid unwarranted sentence disparities among defendants with similar criminal records and finds that a sentence within the applicable Guideline range serves this need.

The Court reiterates, as it stated during Defendant's sentencing hearing, that it does not consider the need for treatment or training in imposing the term of imprisonment. This factor becomes relevant in the Court's determination of the terms of supervised release. Finally, restitution is not at issue in this matter.

In sum, the Section 3553(a) factors support a reduction in Defendant's sentence. However, given the seriousness of the offense committed by the Defendant, Defendant's extensive criminal history, and the need for deterrence, both specific and general, and to promote respect for the law, the Court finds that a reduction from 188 months to 151 months, the top of the amended Advisory Guideline range, is appropriate.

### B. Public Safety Considerations

The Court also considers "the nature and seriousness of the danger" to the public that may be posed by a reduction in Defendant's sentence in determining whether a reduction is warranted and, if so, the extent of the reduction. U.S.S.G. § 1B1.10 cmt. 1(B)(i)-(iii). Defendant argues that his "likelihood of recidivism diminishes with each passing month," citing research indicating that recidivism rates decline with age. Def. Motion at 9 [Docket No. 70]. This supports the Court's conclusion that a reduction is warranted, but does not persuade the Court that a sentence at the bottom of the amended Advisory Guideline range, as requested by Defendant, is appropriate in light of the Section 3553(a) factors. The Court remains convinced that, in light of Defendant's criminal history and past recidivism upon early release from prison, a sentence at the top of the Guideline range is warranted.

### C. Post-Sentencing Conduct

The Court considers Defendant's post-sentencing conduct as well in determining whether a sentence reduction is warranted and, if so, the extent of the reduction. Defendant was originally sentenced by this Court in April 2011. Since the imposition of his original sentence, Defendant has enrolled in college courses through the prison and is working in the prison's food services department. BOP Progress Report at 5 [Def. Motion Ex. B]. He has also been disciplined for fighting with another person in prison and for insolence to a staff member at the prison. BOP Progress Report at 3. The Court finds that the application of the sentence reduction, from 188 months to 151 months, sufficiently recognizes Defendant's post-sentencing conduct.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Defendant's motion for a reduction of his sentence by two levels pursuant to 18 U.S.C. § 3582(c)(2), in part. Defendant's term of imprisonment shall be reduced from 188 months to 151 months. An appropriate Order shall issue.

                                          s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          UNITED STATES DISTRICT JUDGE

Dated: July 6, 2017