**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. Action No. 10-434(RMB) |
| v. : | **OPINION** |
| : | |
| FREDERICK SELLERS : | |

**BUMB**, District Judge:

This matter is before the Court upon Defendant Frederick Sellers's ("Sellers")) Rule 60(b)(4), 60(b)(6) Motion Seeking Relief From a Final Judgment ("Rule 60(b) motion", ECF No. 80) and the Government's opposition to the motion (Mem. of Law of the United States in Opp. to Def's Mot. Seeking Relief from Final Judgment Under Fed. Rule of Civ. P. 60(b) ("Gov't Opp. Brief," ECF No. 82.) For the reasons discussed below, the 60(b) motion is denied.

I.  PROCEDURAL HISTORY

A Complaint was issued against Sellers in the District of New Jersey on December 8, 2009, in Case No. 09-mj-1082-AMD, charging him with violating 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), conspiracy to distribute and possession with intent to distribute more than five kilograms of cocaine in Camden County, New Jersey,

1

and an indictment was issued on June 30, 2010. U.S. v. Sellers, Crim. Action No. 10-434(RMB) (D.N.J.) (ECF Nos. 1, 21.) A jury found Sellers guilty on November 12, 2010. (Id., ECF No. 49.) Judgment was entered on April 6, 2011, and Sellers was sentenced to a term of imprisonment for 188 months, and a five-year term of supervised release. (Id., ECF No. 53.) Sellers appealed to the Third Circuit Court of Appeals. (Id., ECF No. 54.)

Upon Sellers's direct appeal, the Third Circuit Court of Appeals made the following findings:

> After being charged with drug-related offenses, Mario Estrada-Espinosa and Jose Luis Grimaldo-Valencia cooperated with the government by identifying Sellers as a drug trafficker who purchased large amounts of cocaine from them. Their cooperation resulted in Sellers's arrest.
>
> Shortly thereafter, Sellers participated in a proffer session with the government, agreeing in advance that "[t]he government [could] use [his] statements and any information provided by [him] to cross-examine [him] and to rebut any evidence or arguments offered on [his] behalf" in any subsequent trial. (Supp.App. at 109.) During that meeting, the government and Sellers's counsel were aware that Espinosa had fled the country and would therefore be unavailable to testify at Sellers's trial. Sellers, however, claims to have been unaware of that fact. Indeed, although his lawyer had sent him a letter before the session informing him of Espinosa's unavailability, Sellers testified that he did not receive the letter until after the session had concluded. Sellers testified that he would not have participated in the proffer session had he received that letter in time, as knowing that Espinosa would be unavailable to testify against him would

have made him think that he could "buil[d] a defense." (Joint App. at 94.)

Even after learning that Espinosa had absconded, however, Sellers chose to meet with the government for a second time. At that meeting, the government indicated its intent to file a complaint requiring Sellers to forfeit a truck that he had used to commit the crime for which he was charged, leading Sellers's counsel to believe that the "forfeiture of the truck" was "one aspect in addition to other aspects that were being discussed in connection with [a] cooperating plea agreement." (*Id.* at 30.) Subsequently, with the deadline to file the forfeiture complaint approaching, the government requested Sellers's assent to an extension of the time to file the complaint seeking that relief. Although Sellers's counsel communicated to Sellers that his refusal to consent to the extension could "be a deal breaker in light of other issues that were ongoing with cooperation" (*id.* at 37), Sellers ultimately rejected the government's request.

The government then ceased plea negotiations and indicted Sellers. Sellers, in turn, filed a motion to dismiss the indictment for prosecutorial vindictiveness, asserting that his refusal to consent to the extension of time to file the forfeiture complaint was the sole reason the government decided to cease negotiations and indict him. Although he "concede[d] that there[ ] [was] no presumption of vindictiveness" under the facts of his case, he claimed "that the prosecutor's decision and the facts [of his case] support[ed] actual vindictiveness." (*Id.* at 117.) The District Court rejected that contention, concluding that "Sellers ... failed to provide [the] Court with evidence of actual vindictiveness on the part of the government." (*Id.*) To the contrary, as the Court pointed out, Sellers's "failure ... to merely agree to extend the time to file a forfeiture complaint demonstrated [that he]

> ... was not willing to cooperate" with the government at all. (*Id.* at 118.)
>
> . . .
>
> Sellers's case went to trial, and the jury found him guilty on the sole count in the indictment. The District Court sentenced him to 188 months' imprisonment and 5 years' supervised release.

U.S. v. Sellers, 501 F. Appx 194, 195-97 (3d Cir. 2012).

The Third Circuit affirmed this Court's denial of Sellers's motion to dismiss the indictment based on prosecutorial vindictiveness, stating:

> Due process is violated when one is punished vindictively for doing "what the law plainly allows" in "exercising a protected statutory or constitutional right." *United States v. Goodwin*, 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). "The Supreme Court has determined that certain prosecutorial conduct raises a presumption of vindictiveness...." *United States v. Spears*, 159 F.3d 1081, 1086 (7th Cir.1998). That presumption generally does not apply, however, to "pre-trial prosecutorial conduct." *Id.; see Goodwin*, 457 U.S. at 384, 102 S.Ct. 2485 ("The possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as a penalty imposed on the defendant is so unlikely that a presumption of vindictiveness certainly is not warranted."). Thus, for "a defendant to prove vindictiveness on the part of the government for its decision to seek an indictment, he must present objective evidence showing genuine prosecutorial vindictiveness," *Spears*, 159 F.3d at 1086, that is, that the prosecutor was actually vindictive, *United States v. Esposito*, 968

4

F.2d 300, 305 (3d Cir.1992); see *id.* ("[W]here the government's conduct is attributable to legitimate reasons, we will not apply a presumption of vindictiveness (though [the] defendant may still show actual vindictiveness).").

Recognizing that, since he challenges the decision to indict, he cannot benefit from the presumption of vindictiveness in this case, Sellers argues that the District Court nevertheless should have dismissed the indictment because "[t]he facts [he] adduced ... most certainly demonstrated ... actual vindictiveness." (Appellant's Br. at 14.) As he sees it, his case would have ended in a non-trial disposition had he consented to the government's request for an extension of time to file a forfeiture complaint. The District Court found otherwise, explaining that the evidence instead showed that Sellers's refusal to consent to the extension of time to file a forfeiture complaint was the "last straw" (Joint App. at 119) among other actions that demonstrated to the government that Sellers "was not willing to cooperate," as initially hoped (*id.* at 118).

"Our review of the [D]istrict [C]ourt's factual finding [regarding] actual vindictiveness is for clear error...." *Maddox v. Elzie*, 238 F.3d 437, 446 (D.C.Cir.2001). Under that standard of review, we may not reverse the District Court "unless, on review of the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." United States v. Siddons, 660 F.3d 699, 708 (3d Cir.2011) (citation and internal quotation marks omitted).

We discern no error, let alone clear error, in the District Court's conclusion that Sellers failed to demonstrate actual vindictiveness. As the District Court appropriately characterized it, the evidence shows that the decision to indict Sellers stemmed from the government's perception that Sellers was

5

> unwilling to cooperate. (*See* Joint App. at 30 (Sellers's counsel recalling that "the forfeiture of the truck was one aspect in addition to other aspects that were being discussed in connection with the cooperating plea agreement").) That Sellers was indicted when his lack of cooperation became apparent is not, as Sellers submits, evidence that his indictment must have been retaliatory. *See United States v. Oliver*, 787 F.2d 124, 125–26 (3d Cir.1986) (holding there was no prosecutorial vindictiveness where the defendant "freely decided not to cooperate ... and, as a result, was later indicted"). We thus conclude that the District Court properly denied Sellers's motion to dismiss the indictment.

Sellers, 501 F. Appx at 197-98 (3d Cir. 2012).

On January 21, 2014, Sellers filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, raising claims of ineffective assistance of counsel. Sellers v. United States, Civ. Action No. 14-388(RMB), (D.N.J.) (Pet., ECF No. 1; Am. Pet., ECF No. 15.) This Court denied the motion on January 31, 2017. (Opinion, ECF No. 23.)

II. THE PARTIES' ARGUMENTS

Sellers asserts one ground for relief under Federal Rule of Civil Procedure 60(b)(4) and (6):

> Defendant asserts that the District court abused it's [sic] discretion by acting in a manner inconsistent [sic] with due process of law while continuously making inadvertant [sic] statements that concurred with the petitioner's initial claim of vindictive prosecution. But ruling otherwise. The acts displayed by the courts [sic] coupled with the

6

>           overwhelming evidence should render the
>           judgement [sic] void.

(Rule 60(B) Mot., ECF No. 80 at 2.)

Sellers argued vindictive prosecution in a pre-trial hearing on November 1, 2010, based on an email his attorney Richard Sparraco sent to him. (Id.) The email "was by the direction of the U.S. Attorney," who threatened Sellers with an indictment if he would not give the Government an extension to file a motion for forfeiture of his truck. (Id.)

Sellers contends that the trial court made statements at the pretrial hearing that supported his vindictive prosecution argument, and yet the ruling went against him. (Id. at 4.) He asserts that these are extraordinary and special circumstances justifying relief under Rule 60(b)(4).

In opposition to Sellers's motion, the Government contends Sellers is attempting to relitigate an issue that was decided at trial and on direct appeal, and should be rejected for four reasons: (1) the motion is an impermissible use of Rule 60(b); (2) the motion is really a successive § 2255 motion that fails to meet the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); (3) the motion is barred under the "re-litigation bar," because Sellers raised the claim on direct appeal and lost; and (4) assuming jurisdiction under Rule 60(b)(6), the motion is time-barred.

In support of the argument that the motion is an impermissible use of Rule 60(b), the Government notes that the only permissible use of a Rule 60(b) motion in a habeas case is to raise a defect in the § 2255 proceeding. (Gov't Opp. Brief, ECF No. 82 at 5, citing Gonzalez v. Crosby, 125 S.Ct. 2641 (2005)). Even if the court were to re-characterize the 60(b) motion as a § 2255 motion attacking the criminal judgment, the Government asserts the motion is barred as a second or subsequent motion under § 2255.

If this Court reclassified the motion as a § 2255 motion, the Government argues that the Court lacks jurisdiction because Sellers did not meet AEDPA's gatekeeping requirements of obtaining permission from the Circuit Court of Appeals to file a successive § 2255 motion. (Id. at 7, citing 28 U.S.C. § 2255(h)). Sellers filed an amended § 2255 motion on August 10, 2015, and he filed the present motion on September 7, 2017, making it a successive petition. (Id.)

Next, the Government contends the motion must be dismissed under the "re-litigation bar." (Id. at 8.) Sellers raised a claim of prosecutorial vindictiveness at the trial level and on appeal, and his claim was rejected at both levels. (Id.) Therefore, the Government asserts, Sellers cannot re-litigate his claim that was decided on direct review.[1] (Id., citing United States v. DeRewal,

---

[1] The cases cited by the Government held that a motion under 28 U.S.C. § 2255 cannot be used to relitigate matters decided

8

10 F.3d 100, 105 n.4 (3d Cir. 1993); United States v. Pelullo, 305 F. App'x 823, 827 (3d Cir. 2008); United States v. Orejuela, 639 F.3d 1055, 1057 (3d Cir. 1981).

Finally, the Government asserts that if this Court treats the present motion as one under Rule 60(b), it is time-barred. (Id. at 10.) A Rule 60(b)(6) motion must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). (Id.) Sellers's judgment of conviction was entered more than six years ago. (Id.)

III. ANALYSIS

Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (4) the judgment is void;
>
> . . .
>
> (6) any other reason that justifies relief.

A void judgment under Rule 60(b)(4), "is one so affected by a fundamental infirmity that the infirmity may be raised even after

---

adversely on direct appeal. The Government has not cited a case, nor has this Court found a case that holds a Rule 60(b) motion cannot be used to relitigate matters decided adversely on direct appeal.

9

the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (citations omitted). The list of infirmities that qualify as fundamental is "exceedingly short." Id. It "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. (citations omitted). "'A judgment is not void,' for example, 'simply because it is or may have been erroneous.'" Id. (quoting Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995)).

Here, Sellers's due process claim is that this Court made comments that supported his vindictive prosecution claim at a pretrial hearing but the Court ruled against him. Sellers raised his vindictive prosecution claim on direct appeal and it was denied. Sellers was not deprived of the opportunity to be heard on this claim. Furthermore, even erroneous rulings are not void under Rule 60(b)(4). Therefore, if the motion was timely, Sellers is not entitled to relief under Rule 60(b)(4).

Rule 60(b)(6) relief is appropriate "only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140. (3d Cir. 1993). A claim under Rule 60(b)(6) must be brought within a reasonable time. Sellers's judgment of conviction was

entered on April 6, 2011. Six years is not a reasonable time in which to bring a claim challenging a conviction on the basis of vindictive prosecution where all of the facts supporting the claim were known at that time. See Walsh v. United States, 639 F. App'x 108, 111 (3d Cir. 2016) (finding more than six years was not a reasonable time in which to bring Rule 60(b)(6) motion); Moolenaar v. Government of Virgin Islands, 822 F.3d 1342, 1348 (3d Cir. 1987) (finding almost two years was not a reasonable time in which to bring a Rule 60(b)(6) motion)). Moreover, Sellers's claim that his due process rights were violated by denial of his prosecutorial vindictiveness claim, where his vindictive prosecution claim has already been considered and rejected in a pretrial motion and on appeal, does not create an extreme and unexpected hardship for Sellers.

IV. CONCLUSION

For the reasons discussed above, the Court denies Sellers's Rule 60(b) motion.


Dated: January 23, 2017

                                       s/Renée Marie Bumb
                                       **RENÉE MARIE BUMB**
                                       **United States District Judge**